IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROBERT and TRACI FINLAY,

    Plaintiffs,

v.

CAPITAL MANAGEMENT SERVICES, LP,
and CAVALRY PORTFOLIO SERVICES, LLC,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiffs, ROBERT and TRACI FINLAY ("Plaintiffs"), are a natural persons who at all relevant times resided in the State of Florida, County of Miami-Dade, and City of Miami.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, CAPITAL MANAGEMENT SERVICES, LP ("CMS") is a limited partnerships who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant, CAVALRY PORTFOLIO SERVICES, LLC ("Cavalry") is a limited liability company who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff. Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt, Defendant CMS, itself and on behalf of Defendant Cavalry, sent Plaintiffs initial written communication dated April 6, 2011 in which Defendants alleged that Plaintiffs owed a debt for a Bank of America/FIA Card Services account ending in 7550. (See April 6, 2011 letter, attached hereto as Exhibit "A").

12. Plaintiffs, however, paid this account in full on July 26, 2010 pursuant to the terms of a settlement agreement entered into with Defendant Cavalry on June 3, 2010, and as such, Defendants falsely misrepresented the character, amount and legal status of Plaintiffs' debt and further claimed, attempted and threatened to enforce a debt Defendants' knew was not legitimate.

## COUNT I

13. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 13.

14. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

15. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 13.

16. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 13.

18. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means against Plaintiffs in connection with an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST CMS AND CAVALRY

20. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, paragraphs 1-13 of this complaint.

21. Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiffs, ROBERT and TRACI FINLAY, by and through their attorneys, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

22. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this June 30, 2011.

Respectfully submitted,
**ROBERT and TRACI FINLAY**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com